Augustus S. Loyless and Helen Loyless v. Commissioner.
Loyless v. Commissioner
Docket No. 105980.
United States Tax Court
1942 Tax Ct. Memo LEXIS 74; 1 T.C.M. (CCH) 131; T.C.M. (RIA) 42610; November 25, 1942
*74 M. E. Kilpatrick, Esq., 1045 Hurt Bldg., Atlanta, Ga., and E. D. Smith, Jr., Esq., for the petitioners. J. Marvin Kelly, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion In this proceeding respondent has determined a deficiency in petitioner's income tax liability for the year 1936 in the sum of $1,643.32. Petitioners alleged that they have overpaid their tax for that year by the amount of $1,561.26. The issue presented herein is whether petitioner, Augusts S. Loyless, realized a taxable gain (and if so the amount thereof) or sustained a loss upon the liquidation of the Loyless Publishing Co., Inc.; and this, in turn, depends upon what the correct basis for determining gain or loss is to him as to certain property received by him from his father's estate and which he transferred to the Publishing Co. in return for its stock. The facts have been stipulated by the parties. In addition there was introduced into evidence our Findings of Fact and Opinion promulgated under date of September 29, 1939, in the case of Augustus S. Loyless, 40 B.T.A. 600. Findings of Fact We find the facts herein to be as stipulated and incorporate herein *75 by reference the stipulation and the exhibits. The facts pertinent to our decision may be summarized as follows: Petitioners are husband and wife and are residents of the County of Fulton and State of Georgia, and filed a joint return as husband and wife for the taxable years. Since the income in question is properly the income of petitioner, Augustus S. Loyless, he will be sometimes referred to herein as "petitioner". Donald A. Loyless, the father of Augustus S. Loyless, was engaged in the publishing business in Atlanta, Georgia. He died on November 11, 1931. At the time of his death he was indebted to various creditors, and the fair market value of the assets of his printing business as of the date of his death was $11,406.26. Prior to his death he was divorced from his wife by decree of the Superior Court of Fulton County, Georgia, and in conjunction with the decree of divorce his wife secured an alimony judgment against him entitling her to a payment of alimony of $200 per month during her life. This decree was a continuing obligation, and a charge against the estate of Donald A. Loyless pursuant to a provision of the Code of Georgia, reading as follows: After permanent alimony *76 shall be granted, upon the death of the husband and wife shall not be entitled to any further interest in his estate in her right as wife, but such permanent provision shall be continued to her, or a portion of the estate equivalent thereto shall be set apart to her. In 1933 the Fulton National Bank, as executor of the estate of Donald A. Loyless, filed a petition in the Superior Court of Fulton County, a copy of which is attached to the stipulation. In this petition is recited the assets of the estate and the many and considerable debts owed by the estate on obligations of the decedent. It is also recited that the only heir of Donald A. Loyless was Augustus S. Loyless. Among the obligations is listed "a judgment for permanent alimony in the sum of $200 monthly and payable to Mrs. Flora S. Loyless, said judgment being dated May 25, 1928." It is also recited in the petition that it was necessary for the executor to borrow certain sums of money which it was impossible to borrow from individuals, companies or banks, and that Augustus S. Loyless, the sole heir of the estate, personally loaned money to the executor in order that the business of the decedent's publishing company might *77 proceed without interruption. The petition thereupon itemizes the account of the executor with Augustus S. Loyless. It is further recited that the executor "desires to close said estate and have a settlement with all parties concerned, and to that end asks the court's direction in this suit in the marshalling of the assets of said estate, in directing the priorities of the claims and in executing and further managing the affairs of the estate and asks for the court's direction, in order that the executor may safely pay out any sums to the creditors or the legatee." In the prayer of the petition the court is asked, among other things, to require all of the parties defendants (who were creditors or claimants of or against the estate) to show cause why the interests of all parties should not be settled in that proceeding; that the court direct petitioner in setting aside enough funds proper in taking care of and to pay the widow Mrs. Flora S. Loyless; that the court direct petitioner as to when and how much of the funds of the estate should be distributed; and that the court establish priority of claims. On September 30, 1933 an order was entered pursuant to this petition, a copy of *78 which is attached to the stipulation. In this order the court established the priorities as follows: first, the costs of administration; second, the sums of money loaned by Augustus S. Loyless to the executor; third, the alimony judgment to Mrs. Flora S. Loyless; fourth, all state and county taxes; fifth, all city taxes; sixth, claims owed by the executor to certain general creditors. After ordering certain sums of money paid to various creditors and claimants, the order included the following provision: "It appearing that certain personal property and real estate is left in the hands of the executor, it is further ordered that all of said property shall be turned over to Augustus S. Loyless in full satisfaction of any and all claims that he may have against said executor, the Fulton National Bank, the said A. S. Loyless receiving full and complete title to said property, and upon further consideration of his agreement to reasonably maintain and support Mrs. Flora S. Loyless so long as she shall live, provided, however, that the said A. S. Loyless shall not be required to pay to Mrs. Flora S. Loyless more than $200 in any one month. It is further mutually agreed that Mrs. Flora S. *79 Loyless shall renounce any claim against the executor, the Fulton National Bank, and to any and all property transferred by the executor to A. S. Loyless, and hereby releases the executor from any claim that the said Mrs. Flora S. Loyless may have against the estate of Donald A. Loyless and the executor, the Fulton National Bank, and said property transferred and sold to A. S. Loyless". This decree was consented and agreed to by Mrs. Flora S. Loyless, A. S. Loyless and the Fulton National Bank. Augustus S. Loyless acquired control of and clear title to the publishing business of his deceased father, Donald A. Loyless, pursuant to this petition and decree and subject to its terms. In addition petitioner, Augustus S. Loyless, advanced to the executor of the estate of Donald A. Loyless the sum of $2,560 which was used by the executor to compromise certain obligations of the estate. In 1933 Mrs. Flora S. Loyless, the divorced wife of Donald A. Loyless, and the mother of Augustus S. Loyless, was 59 years old. According to the mortality table based upon 4 percent interest, the right of a person of her age to receive $200 per month for life had a present value in 1933 of $23,355.14. Mrs. *80 Flora S. Loyless is still living, and in every month since September 30, 1933 Augustus S. Loyless has paid to her the sum of $200 per month. In 1934 Augustus S. Loyless caused the Loyless Publishing Co. to be formed and turned over to that company all of the assets of the publishing business which he had inherited from his father and received pursuant to court decree of September 30, 1933 in exchange for all of the capital stock of said Loyless Publishing Co. This transaction was non-taxable and no recognizable gain or loss was realized. From the date of the incorporation of this company until its liquidation on August 30, 1936, no dividends were paid by the company except out of earnings and profits. Petitioners filed a claim for refund of income taxes for the calendar year 1936 on the 13th day of January, 1940, within three years from the date of payment of said income taxes for the year 1936, which claimed a refund of all income taxes paid for said calendar year by virtue of a claimed loss upon the liquidation of Loyless Publishing Co. in the amount of $25,918.45. This claim for refund was filed within three years from the payment of these taxes. Opinion KERN, J.: The issue *81 presented for our determination in this case is whether petitioner, Augustus S. Loyless, realized a capital gain or sustained a capital loss in the taxable year by reason of the liquidation of stock of the Loyless Publishing Co. Incorporated, owned by him. This stock had been acquired by him in a non-taxable transaction wherein he exchanged certain assets inherited by him from his deceased father in return for all of the stock of the corporation which he had caused to be organized. Therefore, the real question before us has to do with the correct basis to petitioner of the assets inherited by petitioner from his father and exchanged for the stock which was liquidated. The respondent contends that the basis of these assets to petitioner is their fair market value as of the date when he inherited them. The petitioner, on the other hand, contends that in determining what the correct basis of these assets should be to him, not only the fair market value at the time when they were inherited should be considered, but also the amount advanced by petitioner to the executor of the estate of his deceased father, plus the present value in 1933 of the right of the divorced wife of his father *82 (petitioner's mother) to receive $200 per month pursuant to an alimony judgment, the obligation to pay which was assumed by petitioner as a necessary step in the acquisition free from any lien of the assets inherited from his father. On the authority of Florence W. Hunt, 35 B.T.A. 1042, 1052, we decide the issue here presented in favor of respondent. Petitioner was entitled to the assets by virtue of being the only heir of his deceased father. The debts which were paid by his advances were not his but were debts of the estate; and the obligation which he assumed was not his but was an obligation of the deceased father which extended by virtue of the statute against the assets of his estate. Rather than have the assets of the estate sold for the purpose of paying these debts and satisfying this obligation, petitioner made the advances and assumed the obligation in question. This was doubtless a practical plan on his part, but can not affect his basis as to the assets which he eventually received, any more than the basis of the inherited property was affected in the cited case by the payment by the residuary legatee of an obligation of the estate. *83 Decision will be entered in favor of respondent.